UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                                                :
Domingo Utitiaj,                                         :        CIVIL ACTION NO: 3:15-cv-01219
                                                                :
     Plaintiff,                                    :
                                                                :
v.                                                               :
                                                                :
Edge Food and Drinks, LLC and Gerardo J.   :
Umana,                                                      :
                                                                :
     Defendants.                               :        August 12, 2015
_____:

## COMPLAINT

### I.  INTRODUCTION

1. This is an action brought by the plaintiff, Domingo Utitiaj, against the defendants, Edge Food and Drinks, LLC and Gerardo J. Umana, arising from the defendants' failure to lawfully pay the plaintiff wages for his work. The plaintiff alleges violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the minimum wage, overtime, and wage payment provisions of the Connecticut Minimum Wage Act, Conn. Gen. Stat. §31-58 *et seq* ("CMWA"). The plaintiff seeks to equitably toll his statute of limitations. The plaintiff seeks his unpaid wages, liquidated damages pursuant to the FLSA, double damages pursuant to Connecticut law, and his reasonable attorney's fees and costs.

### II.  JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C.

§1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

### III. THE PARTIES

4.  The plaintiff is Domingo Utitiaj, a resident of Connecticut. At all times relevant to this Complaint the plaintiff was an employee of the defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5.  At all times relevant to this Complaint, the plaintiff was an employee engaged in commerce, and/or was an employee in an enterprise engaged in commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

6.  Defendant Edge Food and Drinks, LLC operates Sergio's Pizzeria, a restaurant located at 780 Madison Avenue, Bridgeport, Connecticut.

7.  Defendant Gerardo J. Umana is the owner and manager of defendant Edge Food and Drinks, LLC and a resident of Trumbull, Connecticut.

8.  At all times relevant to the Complaint, defendant Gerardo J. Umana made all relevant decisions regarding the plaintiff's wages and working conditions.

9.  At all times relevant to the Complaint, the defendants were employers as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

### IV. STATEMENT OF FACTS

10. The plaintiff was employed by the defendants as a cook and pizza maker from approximately September 2011 until July 28, 2015.

11. During the plaintiff's employment, the defendants did not post and keep posted the minimum wage and overtime regulations issued by the Labor Commissioner of the State

of Connecticut at the place of employment where it could be read easily by its employees, as required by Connecticut General Statutes §31-66.

12. During the plaintiff's employment, the defendants did not furnish to the plaintiff in writing an accurate record of hours worked, the gross earnings showing straight time and overtime as separate entries, itemized deductions and net earnings, as required by Connecticut General Statutes §31-13a.

13. From around September 2011 until around March 2015, the defendants paid the plaintiff at the rate of $11.00 per hour.

14. From around March 2015 until around June 30, 2015, the defendants paid the plaintiff at the rate of $12.00 per hour.

15. From around July 1, 2015 until around July 28, 2015, the defendants paid the plaintiff at the rate of $14.00 per hour.

16. The plaintiff normally worked six days per week. He was scheduled for various shift lengths, including many split shifts.

17. From around September 2011 until around August 2014, the plaintiff regularly worked between 66 and 67 hours per week.

18. From around August 2014 until July 28, 2015, the plaintiff regularly worked between 50 and 70 hours per week

19. On at least two occasions, the plaintiff worked seven days per week for a total between 80 and 90 hours per week.

20. From around September 2011 until around September 2012, the defendants paid the plaintiff's wages in cash.

21. From around September 2012, until July 28, 2015, the defendants paid the plaintiff by payroll check for the first twenty hours and paid him in cash for all hours over

twenty worked in each week.

22. The plaintiff was not given a meal period of at least thirty consecutive minutes.

23. The defendants never paid the plaintiff at the rate of one and one-half times his regular hourly rate for hours worked in excess of forty hours in each one week period.

24. The defendants only paid the plaintiff for the hours he was scheduled for rather than the often longer hours actually worked, including when the restaurant was so busy that plaintiff's scheduled split shifts turned into continuous double shifts.

25. The defendants routinely deducted around $30 per week from the plaintiff's wages for food and drinks the plaintiff had not consumed.

26. During the plaintiff's employment by the defendants, he did not discover the nature or extent of the defendants' violations of his right to be paid according to the law because, *inter alia*, the defendants failed to conspicuously post and provide to the plaintiff information mandated by federal and state law.

## V.    COUNT ONE: FLSA AND CMWA OVERTIME VIOLATIONS

1. The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 26, above.

27. The defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the FLSA and did not do so.

28. The defendants' failure to pay overtime wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the CMWA and refused to do so.

29. As a result of the defendants' unlawful conduct, the plaintiff suffered a loss of

wages.

## VI. COUNT TWO: FLSA AND CONNECTICUT MINIMUM WAGE VIOLATIONS

1. The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 29, above.

30. As described above, the defendants failed to compensate the plaintiff by paying him at least the applicable Connecticut minimum wage for each hour worked.

31. As described above, the defendants failed to compensate the plaintiff by paying him at least the applicable federal minimum wage for each hour worked.

32. The defendants' failure to pay at least the applicable minimum wage as required by federal law was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the FLSA and did not do so.

33. The defendants' failure to pay at least the applicable minimum wage as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the CMWA and did not do so.

34. As a result of the defendants' unlawful conduct, the plaintiff suffered a loss of wages.

## VII. COUNT THREE: CONN.GEN.STAT. §31-72 CLAIM FOR UNPAID WAGES

1. The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 34, above.

35. The defendants failed to pay the plaintiff all of the wages that were owed as required by Conn.Gen.Stat. §31-71b through 31-71e.

36. The plaintiff brings this action pursuant to Conn.Gen.Stat. §31-72, seeking payment of the wages that he is owed.

37. The defendants' failure to pay wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff and refused to do so.

38. As a result of the defendants' unlawful conduct, the plaintiff suffered a loss of wages.

**PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff respectfully requests that this Court:

1. Order the defendants to pay to the plaintiff all wages owed, consistent with the Fair Labor Standards Act and the Connecticut Minimum Wage Act;

2. Award the plaintiff liquidated damages for all overtime and minimum wages owed pursuant to 29 U.S.C. §216(b);

3. Award the plaintiff double damages pursuant to Conn.Gen.Stat. §31-72 for all overtime, minimum wages, and wages withheld without the plaintiff's authorization;

4. Award the plaintiff his reasonable attorney's fees and costs; and

5. Award the plaintiff such other legal and equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED
THE PLAINTIFF, by

_/ s / Mariusz Kurzyna_
Mariusz Kurzyna (ct28940)
The Law Office of Mariusz Kurzyna
130 West Main Street, P.O. Box 3104
New Britain, Connecticut 06050
Tel. 860-357-6070
Fax 860-606-9560
mariusz@kurzynalaw.com